719 F.2d 1530
 35 Fair Empl.Prac.Cas. 870,
32 Empl. Prac. Dec. P 33,929
Kitty Jones YATES, Plaintiff-Appellee, Cross-Appellant,
v.
MOBILE COUNTY PERSONNEL BOARD, Defendant-Appellant, Cross-Appellee.
Kitty Jones YATES, Plaintiff-Appellant,
v.
MOBILE COUNTY PERSONNEL BOARD, Defendant-Appellee.
 Nos. 82-7149, 82-7262.
 United States Court of Appeals,
Eleventh Circuit.
 Nov. 21, 1983.
 
 Blacksher, Menefee & Stein, Gregory B. Stein, Larry T. Menefee, Mobile, Ala., for Kitty Jones Yates.
 Engel & Smith, Mylan R. Engel, Edgar P. Walsh, Mobile, Ala., for Mobile County Personnel Bd.
 Appeals from the United States District Court for the Southern District of Alabama.
 Before VANCE and CLARK, Circuit Judges, and SWYGERT*, Senior Circuit Judge.
 VANCE, Circuit Judge:
 
 
 1
 In case no. 82-7149 the judgment of the district court is AFFIRMED. See circuit rule 25.
 
 
 2
 In case no. 82-7262 plaintiff appeals the district court's award of attorneys' fees under 42 U.S.C. Sec. 2000e-5(k) and 42 U.S.C. Sec. 1988, urging that the district court erred in reducing the amount recommended by the magistrate acting as special master.[1] The magistrate's report contains an analysis made in accordance with Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974). He recommended a fee covering 1,038.5 compensable hours at $75.00 per hour plus a thirty-five percent enhancement for a total of $105,148.10 together with $4,022.36 in expense reimbursement. Twenty-five percent of the recommended enhancement was based on the contingent nature of the fee and the concomitant delay of several years in payment. The remaining ten percent was based on other Johnson factors including the results obtained, the novelty of the case, the skill required, the adverse impact on other work, the standing of plaintiffs' counsel, and awards in similar cases. The full report of the magistrate appears as an appendix to this opinion.
 
 
 3
 The district court awarded the recommended $75.00 per hour plus expenses but disallowed the entire enhancement of thirty-five percent, which it found to be unreasonable. Its brief order was largely conclusory but the court specifically addressed the contingent aspect of the fee,
 
 
 4
 This does not impress the Court. Every lawyer knows when he takes a case on a contingent basis that there might be no recovery in the case. This is something the lawyer must weigh in his decision whether he will represent the client.
 
 
 5
 In connection with the delay the court stated:
 
 
 6
 [T]his Court is only willing to compensate Mr. Stein at the rate of $75 per hour in this case because, in part, the Court believes that that hourly rate is required to make Mr. Stein whole for the years during which he worked for no compensation.
 
 
 7
 The court intimated that except for the delay factor an hourly rate of $60.00 might be appropriate. Its order did not reveal the basis on which the remaining ten percent enhancement was disallowed. From the language of the order we take it to be implicit that the district judge otherwise approved all of the magistrate's findings not explicitly disapproved.
 
 
 8
 Plaintiff's argument proceeds from the contention that the recommendation of the magistrate is an exercise of discretion that the district court is bound to follow in the absence of an abuse of discretion. We do not agree. The discretion lies with the district court, whose determination of reasonable amount is subject to review by this court. Johnson v. Georgia Highway Express, Inc., 488 F.2d at 717.
 
 
 9
 The policy that guides our review of this exercise of discretion was recently stated in Johnson v. University College, 706 F.2d 1205 (11th Cir.1983) and bears restatement here:
 
 
 10
 This nation has sought to protect citizens' most basic, cherished rights and liberties by enacting a plethora of civil rights laws. Congress recognized in the Fees Act and in Title VII, however, that effective enforcement of those laws depends to a large extent upon the action of private citizens, not just government officials.... It also perceived that most victims of civil rights violations lacked the resources to obtain the legal counsel necessary to vindicate their rights through the judicial process.... Adequate fee awards are essential to the full enforcement of the civil rights statutes and are an integral part of the remedies necessary to secure compliance with those laws.... The standards and principles underlying the Fees Act and the fee provisions of Title VII are the same....
 
 
 11
 Congress further recognized that effective enforcement of civil rights laws depends on fee awards sufficient to attract competent counsel without producing a windfall to the attorneys. To this end, it explicitly expressed its intent that the "amount of fees awarded [under the Fees Act] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases ...", and that fee computations result in payments, "as is traditional with attorneys compensated by a fee-paying client, 'for all time reasonably expended on a matter.' " ... This Court has recognized that "the standard of reasonableness is to be given a liberal interpretation."
 
 
 12
 Id. at 1211 (citations omitted). Our application of this stated policy is given shape in the familiar methodology established in Johnson v. Georgia Highway Express, Inc. See also Hensley v. Eckerhart, --- U.S. ----, ---- n. 9, 103 S.Ct. 1933, 1940 n. 9, 76 L.Ed.2d 40 (1983) ("The district court also may consider other factors identified in [Johnson ], though it should note that many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.").
 
 
 13
 Our review of the district court's exercise of discretion is precluded by the court's failure to enter an order that meets the adequate explanation requirements set out in Fitzpatrick v. IRS, 665 F.2d 327, 332 (11th Cir.1982). When a magistrate's report meets those requirements, clearly indicating how each Johnson factor influenced his recommendation, we see no necessity for a trial judge to repeat the procedure if he is entering an order confirming and adopting the recommendation. To the extent that the trial judge is not following the recommendation, however, it is necessary that he articulate his ruling in sufficient detail to enable us to accomplish a meaningful review. The order before us reveals the basis for disallowing the twenty-five percent enhancement but is silent as to the basis on which the additional ten percent enhancement was disallowed. Subject to one modification the district court's award was based simply on an hours times hourly rate computation. The one modification was approval of a higher than usual hourly rate to compensate plaintiff's counsel for delay in payment.
 
 
 14
 The Supreme Court recently clarified the appropriate methodology for vindicating the public policy underlying attorneys' fee awards in civil rights cases. In Hensley v. Eckerhart, --- U.S. ----, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), which came down subsequent to the award that is now before us, the Court discussed the standards to be applied when a plaintiff prevails on less than all of the stated claims and emphasized that a crucial factor is the extent of the plaintiff's success.
 
 
 15
 The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of "the results obtained." This factor is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief.
 
 
 16
 Id. at 1940 (footnote omitted).
 
 
 17
 Concerning the results obtained in this case the magistrate made a finding, which is clearly supported by the record, as follows:
 
 
 18
 8. The Amount Involved and the Results Obtained. Counsel for plaintiff obtained what amounts to full relief for most of the class members, with back pay totaling $322,406.00, with front pay accruing at the rate of $4,700.00 per month, as well as injunctive relief. This very significant amount involved, and results obtained, would support a rather high award in this case.
 
 
 19
 The partial success problem that was addressed in Hensley is essentially absent here. To the extent that the results obtained factor was due to be considered it weighed heavily in favor of enhancement of the hourly rate award for Yates' counsel. That factor, together with the novelty of the case, the skill required, the adverse impact on other work, the standing of plaintiff's counsel and awards in similar cases were the bases of the magistrate's recommendation to the extent of ten percent enhancement. This recommendation of ten percent enhancement was simply ignored in the district court's order with no articulated consideration of the factors on which it was based.
 
 
 20
 The most significant difference between the amount recommended and the fee awarded, however, resulted from the district judge's rejection of any enhancement based on the contingent nature of the fee. In Jones v. Diamond, 636 F.2d 1364, 1382 (5th Cir.1981) (en banc) we said,
 
 
 21
 No one Johnson criterion should be stressed to the neglect of others. However, because the fee in this case was contingent on success, it is appropriate for the court to consider Johnson criterion number six, "whether the fee is fixed or contingent." This reflects the provisions of the ABA Code of Professional Responsibility, DR 2-106(B)(8), and the practice of the bar. Lawyers who are to be compensated only in the event of victory expect and are entitled to be paid more when successful than those who are assured of compensation regardless of result. This is neither less nor more appropriate in civil rights litigation than in personal injury cases. The standard of compensation must enable counsel to accept apparently just causes without awaiting sure winners.
 
 
 22
 Application of these principles frequently results in a percentage enhancement but we have specifically rejected the contention that there must be enhancement in every case in which the fee is contingent. Marion v. Barrier, 694 F.2d 229, 231 (11th Cir.1982). The trial judge may decide that the factor is offset by a countervailing factor, or the judge may take it into account in formulating a proper hourly rate. We are not certain that we fully understand the import of the district court order in this case, but it appears to make a blanket rejection of this factor. The discretion of the district court does not extend to modifying the Johnson formulation or to rejecting outright factors with which it disagrees.
 
 
 23
 Vindication of the policy of the law depends to a significant degree on the willingness of highly skilled attorneys, such as those now before the court, to accept employment in discrimination cases on a wholly contingent basis. They will hardly be willing to do so if their potential compensation is limited to the hourly rate to which they would be entitled in noncontingent employment. Busy and successful attorneys simply could not afford to accept contingent employment if those were the rules that were applied. The enforcement of our civil rights acts would then be entrusted largely to less capable and less successful lawyers who lack sufficient employment. Such an arrangement would ill serve policies of enormous national importance.
 
 
 24
 We conclude that the award of attorneys' fees in this case must be vacated for reconsideration in the light of the principles herein expressed and for an order that sufficiently articulates the basis of the district court's award.
 
 
 25
 In connection with their services on appeal plaintiff's counsel has submitted an application for additional fees and expenses supported by detailed affidavits. The application seeks compensation for 321.7 hours at a basic rate of $85.00 per hour plus a seventy-five percent enhancement for a total of $47,852.87 together with $2,992.99 in expenses. Defendant has not countered plaintiff's affidavits but has responded by memorandum. It does not contest the number of hours reasonably expended by plaintiff's counsel but argues that the hourly rate should be $75.00 without any enhancement. In cases in which there is a factual dispute we frequently remand appellate fee applications to the district court for resolution. E.g., Johnson v. State of Mississippi, 606 F.2d 635, 639 (5th Cir.1979). In the circumstances of this case, however, we conclude that such a remand is not appropriate.
 
 
 26
 For the most part the findings of the magistrate are fully applicable to the additional services performed in this court and, accordingly, to the extent that they are applicable we adopt these findings. We find that a basic hourly rate of $75.00 is appropriate for the services of plaintiff's counsel. The district court expressed reservations about this amount, but many of the hours being considered by the district court were recorded in prior years when a lower rate may have been more appropriate. The services on appeal were performed in 1983 and the latter half of 1982. The affidavits amply support a $75.00 basic rate, and we are reasonably satisfied that it is the correct rate.
 
 
 27
 As the Supreme Court stated in Hensley, however, the product of reasonable hours times a reasonable rate does not end the inquiry. This case was a complicated one requiring a high level of skill, the result obtained was very favorable to plaintiff, the fee was wholly contingent, and payment has continued to be delayed. Under these circumstances we find that in connection with legal services on appeal an enhancement of thirty-five percent is appropriate.
 
 
 28
 We therefore order that for their services in this court counsel for plaintiff be and are hereby awarded a base rate of $75.00 times 321.7 hours enhanced by thirty-five percent for a fee of $32,572.13, to which $2,992.99 in uncontested expenses is added for a total of $35,565.12. On remand that total should be added by the district court to the amount awarded by it to cover services and expenses prior to appeal.
 
 
 29
 No. 82-7149 AFFIRMED.
 
 
 30
 No. 82-7262 VACATED and REMANDED WITH DIRECTIONS.APPENDIX
 
 
 31
 RECOMMENDATION OF MAGISTRATE ON ATTORNEYS' FEES QUESTION
 
 
 32
 This cause came on to be heard before the Magistrate as Special Master on the question of an award of a reasonable attorneys' fee under 42 U.S.C. Sec. 2000e-5(k) and 42 U.S.C. Sec. 1988.
 
 
 33
 We consider the question, of course, in the light of the factors enumerated in Johnson v. Georgia Highway Express, 488 F.2d 714 (5th Cir.1974).
 
 
 34
 1. Time and Labor Required. Plaintiffs request compensation for 1,038.5 hours expended through February 26, 1982. The number of hours put in the case by counsel for plaintiff is not at all unreasonable and, in fact, is quite reasonable.
 
 
 35
 2. The Novelty and Difficulty of the Issues Presented. The vast majority of the time expended by counsel for plaintiff was in the "Stage II" proceeding. Since an exceptionally small number of Title VII cases proceed to formal Stage II proceedings, the complexity and novelty of the issues are quite notable. This litigation is extremely complicated, requiring thorough and detailed research of almost every question involved.
 
 
 36
 3. Skill Requisite to Perform the Legal Service Properly. Because of the extreme complexity of the Stage II proceeding, as well as the significant factual difficulty in this case, considerable skill was required of lawyers for the plaintiff. The quality of the work product of counsel for plaintiff has been as high, and that on a consistent basis, as that of any lawyer who practices in this Court on a regular basis. Furthermore, in this field the work is especially difficult to perform well, in the light of the monumental complexity of applicable law.
 
 
 37
 4. The Preclusion of Other Employment by the Attorney Due to Acceptance of the Case. The expenditure of 1,000 billable hours--and often in significant blocks of time--necessarily had some adverse impact upon the ability of counsel for plaintiff to accept other work, and this factor should raise the amount of the award.
 
 
 38
 5. The Customary Fee. The evidence in this case supports a finding, a finding of fact which the Magistrate makes, that an appropriate customary fee (if the matter were billed at an hourly rate) for the work performed by counsel for plaintiff in this case would be $75.00 per hour across the board, necessarily taking into consideration slight differences created by the passage of time.
 
 
 39
 6. Whether the Fee is Fixed or Contingent. There are two significant problems subsumed under this single rubric. First, counsel for plaintiff in this case undertook a significant risk that there would be no recovery and, second, the contingent nature of payment means that over several years of litigation plaintiff has not been paid, a factor which does not ordinarily accrue to defense counsel. The vicissitudes created by both these factors suggest that it would be proper to raise the attorneys' fee award from the usual hourly rate by approximately a factor of twenty-five percent.
 
 
 40
 7. Time Limitation Imposed by the Client or the Circumstances. This factor is not relevant.
 
 
 41
 8. The Amount Involved and the Results Obtained. Counsel for plaintiff obtained what amounts to full relief for most of the class members, with back pay totaling $322,406.00, with front pay accruing at the rate of $4,700.00 per month, as well as injunctive relief. This very significant amount involved, and results obtained, would support a rather high award in this case.
 
 
 42
 9. The Experience, Reputation and Ability of the Attorneys. The Magistrate has had considerable experience (in open court and in other court proceedings, including in-chambers conferences) with both lawyers for plaintiff. The Magistrate is familiar with the experience, reputation, and ability of those lawyers. In the field of this litigation, the lawyers are justifiably held in high esteem.
 
 
 43
 10. The "Undesirability" of the Case. This case was, by subject matter, an undesirable case in the eyes of most lawyers in Mobile. Even today, unfortunately, the representation of civil rights plaintiffs imposes some stigma upon a lawyer, and having the reputation of a civil rights lawyer does in fact deter and is likely to deter other fee-generating work.
 
 
 44
 11. The Nature and Length of the Professional Relationship with the Client. Counsel has no longstanding professional relationship with this client, and the factor is irrelevant.
 
 
 45
 12. Awards in Similar Cases. An award of $75.00 per hour, plus an increase of 35% (representing a 25% increase for the contingency factor, and a 10% increase for the other "plus" factors) would be entirely reasonable in this case in the light of awards in similar cases.
 
 
 46
 Accordingly, the Magistrate recommends that an attorneys' fee award be entered in the amount of $75.00 per hour, plus an increase of 35% for the various Johnson factors. In short, the Magistrate recommends entry of an award of an attorneys' fee in the amount of $77,887.50 plus a 35% increase (or $27,260.60), for a total of $105,148.10, plus expenses of $4,022.36 as of February 26, 1982, extrapolated to current dates and figures as agreed by the lawyers or, in the absence of agreement extrapolated in the manner to be determined by the Court.
 
 
 47
 For a full explanation of procedural rights, see the attached sheet.
 
 
 48
 DONE this 12th day of July, 1982.
 
 
 49
 /s/ David A. Bagwell
 
 DAVID A. BAGWELL
 UNITED STATES MAGISTRATE
 
 
 *
 Honorable Luther M. Swygert, U.S. Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 [1]
 Plaintiff first complains that the district court rejected the magistrate's recommendation without consulting the record, which already had been transmitted to this court. In view of our resolution of her other contention it is not necessary that we consider this issue