Stewart **JOHNSON** d/b/a Stewart Johnson Design Studio, Plaintiff,

v.

**OLD WORLD CRAFTSMEN, LTD.,** Don Zivanov, Walter F. Neumann and Thor Thoresen, Defendants.

No. 81 C 7053.

United States District Court, N.D. Illinois, E.D.

July 7, 1986.

---

Robert D. Silver, Park Ridge, Ill. and Gerald C. Risner, Chicago, Ill., for plaintiff.

Merrill B. Meyer, Rappaport & Meyer, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

MORAN, District Judge.

This case involves a contract claim for $32,501.20 which became a RICO action and was settled for $75,000 plus interest. The settlement agreement was arrived at in May 1983, and provided that $25,000 was to be paid to the plaintiff within 30 days of execution of the settlement agreement and the remaining $50,000 within 180 days. Plaintiff's RICO action was to be dismissed. The agreement also provided that, in the event of a breach of any provision of the agreement, the plaintiff could have the complaint reinstated and judgment entered for the amount of the settlement "plus reasonable attorneys' fees and any costs both incurred in connection with reinstatement of the complaint and collection of said judgment." Defendants did not pay the required $25,000 within 30 days of the execution of the settlement agreement, and in August 1983 the complaint was reinstated and this court entered judgment against the defendants in the amount of $75,000. The judgment was paid in full by November 1983. Plaintiff next sought $181,052.43 for attorneys' fees allegedly incurred in collecting the settlement. We referred the case to a magistrate for decision of the attorneys' fees issue. Magistrate Bucklo found that plaintiff was entitled to some attorneys' fees but that $181,052.43 was an unreasonable fee for three months worth of collection efforts which concerned a $75,000 judgment. She awarded plaintiff $16,390.44 in fees and expenses. We incorporate her detailed report of January 28, 1986 into this Memorandum by reference.

Now both plaintiff and defendants object to the magistrate's findings, one claiming

that the award is unreasonably low, the other that it is unreasonably high. We find that the magistrate correctly resolved all of the legal issues raised by the parties and did a commendable job of working through excessively long but nonetheless improperly documented fee petitions to reach the result she did. We accord her careful consideration of the minutia of this voluminous record great weight and well-deserved praise, and adopt her report in full.

## Discussion

At the outset, the question of the standard of review applicable to such a magistrate's order presents itself. Although no standard of review has been proposed by either of the parties, we find the "clearly erroneous or contrary to law" standard applicable to decisions of magistrates regarding nondispositive pretrial motions, Fed.R.Civ.P. 72(a), 28 U.S.C. § 636(b)(1)(A), appropriate for review of nondispositive collateral motions, such as motions for attorneys' fees and costs, as well.

■ A motion for attorneys' fees, while not "pretrial" at all in the temporal sense, is a motion "capable of determination without trial of the general issue," *U.S. v. Flaherty*, 668 F.2d 566, 586 (1st Cir.1981), and thus can in a sense be considered pretrial because not related to trial. Since the issue of attorneys' fees is severable from the main legal issues addressed at trial, it is appropriate for the consideration of a magistrate. In addition, decision of a motion for attorneys' fees generally involves factual rather than legal questions, and does not in any case affect the substantive rights of the parties. Such a motion is thus more akin to routine nondispositive motions such as motions concerning discovery than to motions which are potentially dispositive of a cause of action or a defense, such as motions to dismiss or for summary judgment.

■ The close scrutiny of *de novo* review of a magistrate's findings required by Fed.R.Civ.P. 72(b) and 28 U.S.C. §§ 636(b)(1)(B) and (C) where dispositive motions are concerned should not be applicable to a magistrate's resolution of a non-dispositive matter. The "clearly erroneous or contrary to law" standard of review of Rule 72(a) applies to nondispositive pretrial motions. We hold that that standard also applies to grant and denial of attorneys' fees. *See* Notes of Advisory Committee on Rules, Rule 72(a).

■ Recognizing that this is an unsettled area, however, this court has given the record before the magistrate and her decision more careful scrutiny than our holding might otherwise require. We have reexamined each of the magistrate's conclusions of law and we concur in full: plaintiff is entitled to a reasonable attorneys' fee for the period between entry of the judgment and actual collection of the judgment: a three-month period. Plaintiff is not, however, entitled to any fees incurred outside that period. The fact that this case once long ago contained a RICO count, which was settled, is irrelevant to the fee award which is based solely on the settlement agreement. The magistrate also properly found defendants' "remitterer" argument to be without merit. We decline, however, to begin assessing Rule 11 costs against any of the parties in this litigation since it would be difficult to know where to begin or where to stop.

This court has also examined the magistrate's factual findings in detail, and found them to be thorough, well thoughtout and well supported. While we have not duplicated her efforts by analyzing the volumes upon volumes of fee petitions on a line-by-line basis, which would defeat the purpose for which this matter was originally assigned to a magistrate, we are satisfied that her consideration of the issues was complete, careful, and all this court or the parties could reasonably have asked. Her findings and conclusions are therefore adopted in full.

## Conclusion

The Report and Recommendation of Magistrate Bucklo, dated January 28, 1986, is adopted in full and incorporated by reference. Plaintiff is awarded attorney fees and expenses of $16,390.44, as specified in

the Report. Defendants' motion for "remitterer" is denied; plaintiff's motion for sanctions under Fed.R.Civ.P. 11 is also denied.