**MAGNUS ELECTRONICS, INC.,**
**Plaintiff/Counterdefendant.**

v.

**MASCO CORPORATION OF INDIANA,**
**Defendant/Counterplaintiff;**

**R.T.D. Corp., as Successor in Interest to Browning Communications, Inc.; Browning Communications, Inc., both Illinois corporations; and A.N. Fischer, an individual, Defendants.**

**No. 85 C 494.**

United States District Court,
N.D. Illinois, E.D.

Jan. 5, 1988.

---

Stephanie Kanwit, Chicago, Ill., for plaintiff/counterdefendant.

Walter C. Greenough, Barbara E. Hermansen, Schiff, Hardin & Waite, Leo Aubel, Wellenstein, Wagner, Hattis, Strampel and Aubel, Ltd., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

In a thoughtful and comprehensive memorandum and order, Magistrate Rosemond explained his decision to impose a total of $8,062.25 in sanctions and attorneys' fees and costs against Magnus and its attorneys under rules 11 and 37 of the Federal Rules of Civil Procedure. Pursuant to a settlement of the underlying lawsuit, the $2,762.12 for which Magnus was responsible is no longer before this court. However, this court has retained jurisdiction over Magnus attorneys'—Scott A. Brainerd and the law firm of Brainerd & Bridges ("the Brainerds")—appeal of the magistrate's imposition of $5,300.63 in sanctions against them directly.

Reviewing the magistrate's order under the "clearly erroneous or contrary to law" standard of Rule 72(a), *see Johnson v. Old World Craftsmen, Ltd.*, 638 F.Supp. 289 (N.D.Ill.1986), this court affirms the magistrate's decision in its entirety and adopts the magistrate's reasoning for the decision. *Cf. Yates v. Mobile County Personnel Board*, 719 F.2d 1530, 1532-33 (11th Cir. 1983) ("When a magistrate's report meets [the adequate explanation requirements for an award of attorneys fees], clearly indicating how each ... factor influenced his recommendation, we see no necessity for a trial judge to repeat the procedure if he is entering an order confirming and adopting the recommendation."). Moreover, this court hastens to add that, even were Rule 72(b) *de novo* review required, it would confidently affirm and adopt the magistrate's order.

Unfortunately, this court's duty does not end here. In Masco's initial reply to the Brainerd appeal from the magistrate's order, Masco asked for an additional $500 in sanctions to cover the costs of defending the appeal. Following the Brainerds' subsequent motion for an "evidentiary hearing with respect to charges of the perpetration of felony crime made by [Masco's attorney] Walter Greenough ...", Masco sought further financial relief from the Brainerds' continuing frivolity.

Although purportedly "appeals" of the magistrate's order, the Brainerds' papers—running hundreds of pages and including in "appendices" arguments which should have been included in the body of the briefs—are in fact frivolous attacks upon the magistrate and opposing counsel. Nowhere do the Brainerds provide any factual or legal basis for their objections to the substance of the magistrate's decision. Accordingly, Masco's request for additional Rule 11 sanctions is granted for $2600.00, the reasonable attorneys' fees incurred by Masco in litigating the appeals. Further, as punishment for their outrageous conduct throughout this lawsuit and in order to deter such conduct in the future, this court concludes that the Brainerds should pay to Masco additional sanctions in the amount

of $1000.00. *See Brown v. Federation of State Medical Boards of the United States,* 830 F.2d 1429 (7th Cir.1987).

## CONCLUSION

The Brainerds' appeal of Magistrate Rosemond's imposition of sanctions in the amount of $1,269.00 against Scott A. Brainerd and $2,762.13 against Brainerd & Bridges is denied. Additional sanctions in the amount of $3600.00, to be split evenly by the appellants, is imposed by this court.