Steven **PETTYJOHN**, Plaintiff,

v.

Louis W. **SULLIVAN**, M.D., Secretary of Health and Human Services, Defendant.

No. CIV–89–907–C.

United States District Court, W.D. Oklahoma.

Sept. 22, 1992.

Judy A. Endicott Newbold, Stillwater, Okl., for plaintiff.

Joe Heaton, Acting U.S. Atty., M. Kent Anderson, Asst. U.S. Atty., Oklahoma City, Okl., for defendant.

## MEMORANDUM OPINION AND ORDER

CAUTHRON, District Judge.

At issue is plaintiff's appeal from the July 27, 1992, decision of United States Magistrate Judge Ronald L. Howland denying plaintiff's application for fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The government opposed plaintiff's request for fees, filing a brief in opposition to the fee application, but has not responded to the instant appeal. After de novo review of the record, this Court affirms the Magistrate Judge's decision, and denies the instant "appeal."

### I. Referral and Standard of Review

Plaintiff's application for fees was referred to Magistrate Judge Howland on June 25, 1992, pursuant to a standard form order used by this Court, which stated the referral was "pursuant to 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); and W.D.Okla.R. 39(B)(2)." Section 636(b)(1)(A) authorizes the district court to "designate a magistrate to hear and determine any *pretrial* matter" except certain dispositive motions, and provides that the resulting magistrate's order may be reconsidered only "where it has been shown to be clearly erroneous or contrary to law." (Emphasis added.) Fed.R.Civ.P. 72(a) regards referral of *"pretrial* matter[s] not dispositive of a claim or defense." (Emphasis added.) Local Rule 39(B)(2) regards referral of *"pretrial* matter[s] ... as authorized by 28 U.S.C. § 636(b)(1)(A)." (Emphasis added.)

A post-trial attorney fee application does not appear to be, by definition, a *pretrial* matter. *See Paris v. United States Dep't of Housing & Urban Dev.,* 795 F.Supp. 513, 516 (D.R.I.1992) (attorney fee application made after conclusion of litigation "cannot be described as a pretrial matter"). Except for fee applications related to discovery disputes or rule violation matters, *see Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1465 (10th Cir.1988), attorney fee questions are almost always a post-trial proceeding. *See also Paris,* 795 F.Supp. at 516. Whether attorney fee applications are analogous to the pretrial motions contemplated by § 636(b)(1)(A) so as to make them reviewable under the clearly erroneous standard is an unanswered question in the Tenth Circuit.

The First Circuit writes that a "pretrial matter within the magistrate's jurisdiction would ... be a matter unconnected to the issues at trial and not defined with respect to the time of the trial." *United States v. Flaherty,* 668 F.2d 566, 586 (1st Cir.1981) (referring to Fed.R.Crim.P. 12(b)). Although mentioned in a criminal case context, the definition appears applicable to both criminal and civil cases, and would

encompass post-trial attorney fee applications. On the other hand, the district court in *Paris* observed that "[a] petition for attorneys' fees closely resembles [dispositive] motions because it requires an adjudication as to whether ... monetary relief should be awarded." *Paris*, 795 F.Supp. at 516. The *Paris* court's comparison of such motions to dispositive motions was necessary because the matters proper for referral to a Magistrate Judge under § 636(b)(1)(A) are generally considered nondispositive. Federal Rules of Civil Procedure Rule 72 is divided into paragraphs by dispositive and nondispositive matters. The early drafts of § 636(b)(1)(A) distinguished between dispositive and non-dispositive motions before later revisions substituted several specifically identified motions as excepted from the scope of pretrial matter referrals. *See* 7—Pt. 2 James W. Moore *Moore's Federal Practice* ¶ 72.02[3] (2d ed. 1992).

It can be argued that if post-trial attorney fee applications are dispositive in nature, then they are not within the scope of motions properly referred to a Magistrate Judge under § 636(b)(1)(A). In *West · v. Redman*, 530 F.Supp. 546, 548 (D.Del. 1982), the district court found that the determination of attorney fees was so essential to the complete resolution of the underlying action that it required de novo review under § 636(b)(1)(B). Obviously, it follows that the court did not consider the attorney fee application as a "pretrial matter" falling under the umbrella of § 636(b)(1)(A). Such a conclusion is completely logical. Post-trial attorney fee applications are dependent on the outcome of trial, and often result in the prevailing party obtaining even more monetary relief. In some cases, such as civil rights violations where only nominal damages have been awarded, the post-trial attorney fee matter is the most significant aspect of the entire case.

There is authority to the contrary, however. In *Johnson v. Old World Craftsmen, Ltd.*, 638 F.Supp. 289, 291 (N.D.Ill. 1986), the court held that a motion for attorney fees was a pretrial matter because it was not related to the issues at trial and did not affect the parties' substantive rights.[1] Moore writes that "[t]he logic of section 636(b)(1) is that any motion not reserved therein as requiring the recommendation procedure should be considered 'nondispositive' and hence subject to final determination by a [M]agistrate [Judge]...." 7—Pt. 2 James W. Moore et al. *Moore's Federal Practice* ¶ 72.02[3], at 72–17 (2d ed. 1992). Granted, a post-trial attorney fee motion is plainly not one "reserved" from the provisions of § 636(b)(1), and under Moore's reasoning, would be a matter proper for referral under § 636(b)(1).

After considering these conflicting authorities, this Court believes that attorney fees matters are more appropriately categorized as analogous to a dispositive motion, for essentially the reasons explained above and reiterated in *Paris*. Accordingly, reference of such motions to the Magistrate Judges is more appropriately accomplished pursuant to 28 U.S.C. § 636(b)(3), which provides that "[a] magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States."

Although § 636(b)(3) carries no statutorily defined standard of review, as do §§ 636(b)(1)(A) and (b)(1)(B), it is clear that when a Magistrate Judge's decision rendered under § 636(b)(3) is objected to, is it accorded a de novo standard of review. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir.1991) ("[d]e novo review is statutorily and constitutionally required when written objections" are filed); *Colorado Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co.*, 879 F.2d 809, 811

---

**1.** Even though the *Johnson* court found the attorney fee matter proper for referral under § 636(b)(1)(A) and thus subject to the clearly erroneous standard of review, it nevertheless "recogniz[ed] that this is an unsettled area [and gave] the record before the magistrate ... more careful scrutiny than [the] holding might other-

wise require." 638 F.Supp. at 291. The court "reexamined each of the magistrate's conclusions of law" and "concurred in full." *Id.* It thus appears the *Johnson* court conducted a de novo review despite its conclusion that such review was not required.

(10th Cir.1989) (decisions rendered under § 636(b)(3) are "subject to the inherent supervisory power of the district judge and the judge retains the 'ultimate responsibility for the decision making in every instance[,]'" (quoting *Harding v. Kurco, Inc.,* 603 F.2d 813, 814 (10th Cir.1979)) (in turn quoting *Mathews v. Weber,* 423 U.S. 261, 270, 96 S.Ct. 549, 554, 46 L.Ed.2d 483 (1976)); *Paris,* 795 F.Supp. at 516 (attorney fees and costs are proper matter for referral to Magistrate Judge under § 636(b)(3); district court's review is de novo).

To summarize, the Court finds the referral of the attorney fee application in the instant case should have been made under § 636(b)(3). Henceforth in this Court, referrals of post-trial attorney fee applications will be pursuant to § 636(b)(3), and the Magistrate Judges' recommendations will be afforded a de novo review upon timely objection. The Court now proceeds to a de novo review of the record pursuant to the appeal lodged by plaintiff to the Magistrate Judge's denial of attorney fees.

## II. EAJA Application

■ Plaintiff's application for social security benefits was denied by the Secretary of Health and Human Services. Plaintiff instituted this suit on May 22, 1989, challenging the Secretary's decision. On November 30, 1989, this Court entered a "Memorandum Opinion" *reversing* the Secretary's decision and *remanding* the matter to the Secretary for further consideration. Specifically, the Memorandum Opinion states:

> the Court finds insubstantial evidence to support the Secretary's decision that plaintiff cannot perform his past work as a janitor or a cook's helper, although this *reversal* of the agency's decision does not resolve the issue regarding plaintiff's ability to perform work in the national economy.

Memorandum Opinion at 17 (Nov. 30, 1989) (emphasis added). A "judgment" was entered contemporaneously with the Memorandum Opinion.

Following remand, the Secretary ultimately awarded plaintiff benefits. The appeals council left the decision intact, and sixty days later it became a final decision as it was then unappealable. Plaintiff then filed an application for attorney fees pursuant to the EAJA, asserting the application was timely filed within thirty days of the finality of the Secretary's decision. The government objected to the application, contending it should have been filed within thirty days of the finality of the November 30, 1989, district court order. The Magistrate Judge agreed and issued an order denying the application.

In this appeal, plaintiff contends that pursuant to *Melkonyan v. Sullivan,* 501 U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), and *Gutierrez v. Sullivan,* 953 F.2d 579 (10th Cir.1992), *petition for cert. filed,* (U.S. Aug. 26, 1992), the fee application was timely and therefore the Magistrate Judge's decision was in error. The Court disagrees.

In *Melkonyan,* Justice O'Connor wrote for a unanimous Court that under 42 U.S.C. § 405(g), district court remands of the Secretary's decisions are of two types—the so-called fourth sentence and sixth sentence remands.[2] 501 U.S. at ——, 111 S.Ct. at 2163. A fourth sentence remand authorizes the district court to "enter 'a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.'" *Id.* (quoting 42 U.S.C. § 405(g)). On the other hand, a sixth sentence remand "does *not* affirm, modify, or reverse the Secretary's decision; it does *not rule in any way* as to the correctness of the administrative determination. Rather, the Court remands because *new* evidence has come to light that was *not available* to the claimant at the time of the administrative proceeding." 501 U.S. at ——, 111 S.Ct. at 2163 (emphasis added) (citing *Sullivan v. Finkelstein,* 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990)). Under a sixth sentence remand, "the Secretary must re-

---

**2.** These labels are derived from the text of § 405(g): a "fourth sentence" remand is made under the fourth sentence of § 405(g).

turn to the district court to 'file with the Court any such additional or modified findings or fact and decision....'" 501 U.S. at ——, 111 S.Ct. at 2163 (quoting 42 U.S.C. § 405(g)).

The nature of the remand is important to the instant issue because of the small window of opportunity to file fee applications under the EAJA. An EAJA fee application must be filed within thirty days of a final judgment. 28 U.S.C. § 2412(d)(1)(B). Whether a court's remand order is a final judgment depends on whether the court is ending its involvement with a case, as it does in a sentence four remand, or whether it intends to retain jurisdiction and await the Secretary's return to court, as it does in a sentence six remand. Therefore, in a case where a court makes a sentence four remand, the time period in which to timely file an EAJA fee application begins to run when the court files and enters its remand order. However, in a sentence six remand situation, an EAJA application is timely filed if, after the Secretary returns to court and the court issues a final order affirming, modifying, or reversing the Secretary's new decision, the application is filed within thirty days of the finality of the district court's order closing the case.[3] 501 U.S. at ——, 111 S.Ct. at 2165.

■ In the instant case, while plaintiff argued to the Magistrate Judge that the Court's November 30, 1989, order was a sentence four remand, he now argues that it was a sentence six remand. Alternatively, relying chiefly on *Gutierrez*, plaintiff contends that even if it was a fourth sentence remand, the Court intended to retain jurisdiction until the Secretary made his new decision. These arguments are without merit.

To be sure, *Gutierrez* "recogniz[ed] a subcategory of cases in which the district court makes a fourth sentence remand but intends to retain jurisdiction over the action pending further administrative proceedings and enter a final judgment after those proceedings are completed." 953 F.2d at 584. *Melkonyan* should eliminate these "subcategory" remands from future cases, as the Supreme Court held that § 405(g) remands are of the fourth and six sentence type exclusively, and the Secretary returns to court with his modified findings and decision *only* when the remand was pursuant to sentence six. 501 U.S. at ——, 111 S.Ct. at 2164. Although the subcategory type remands may be found in some cases remanded prior to *Melkonyan*, it should be clearly apparent from the district court's order that jurisdiction was retained, and the Secretary was expected to return to court with his new findings. *Gutierrez*, 953 F.2d at 584 (for example, the district court mistakenly thought it could not enter a final judgment under sentence four until Secretary returned with revised findings).

*Gutierrez* is inapplicable to the instant case because without question the November 30, 1992, remand was a fourth sentence remand. This Court expressly *reversed* the Secretary's decision. This Court ruled the Secretary had failed to consider certain aspects of plaintiff's employment history and mental status. Memorandum Order at 13 & 17. It also found the Secretary erred in relying on plaintiff's past job performance history. *Id.* at 16. It further found the Secretary failed to make specific findings regarding the credibility of certain testimony. *Id.* at 15 (no credibility determination regarding the testimony of plaintiff's mother). In sum, this Court specifically found the Secretary erred in several aspects and the decision was reversed. It is also clear from the Memorandum Opinion that the issue of "new evidence" was absent from the issues being resolved. There was no new evidence for the Secretary to consider that was unavailable to the plaintiff at the time of the administrative determination. This Court entered a judgment contemporaneously with the Memorandum Opinion.[4]

---

**3.** In each instance, the time period begins to run when the time for filing an appeal has expired.

**4.** The district court in *Gutierrez* remanded the application for social security benefits to the Secretary because the Secretary failed to consid-

er evidence regarding the claimant's mental impairments, and because certain evidence was either misunderstood or misapplied. In this regard *Gutierrez* is indeed on point with the instant case. However, after reviewing claimant's EAJA application, the district court reject-

**508**

Following the Secretary's decision to award plaintiff benefits, the Secretary did not return to Court to obtain approval of the award, nor was he required to do so. The next event in the Court file was plaintiff's EAJA application. It is thus abundantly clear that the remand was a fourth sentence remand.

Because the remand in this case was a fourth sentence remand, plaintiff's June 18, 1992, EAJA application, filed more than two years after the Court's November 30, 1989, order of remand is untimely. There was no protective EAJA fee application filed following the November 30, 1989, remand, and thus the thirty-day time period in which to make timely filings has expired. The Magistrate Judge was correct in denying the application, and his Order is accordingly AFFIRMED.

### CONCLUSION

For the reasons set forth above, after de novo review of the record, the Court AFFIRMS the July 27, 1992 decision and Order of United States Magistrate Judge Ronald L. Howland denying plaintiff's EAJA application for fees.

ed the government's timeliness argument, finding that the court had been "unable to enter a final judgment because the Secretary has yet to file any modified findings of fact and decision with the court as required by 42 U.S.C. § 405(g)." *Gutierrez v. Sullivan,* 734 F.Supp. 969 (D.Utah 1990). Thus the *Gutierrez* district court clearly construed its remand order as being a sentence six remand.