Robert WESTEFER, et al., Plaintiffs,

v.

Donald SNYDER, et al., Defendants.

Nos. CIV. 00–162–GPM,
CIV. 00–708–GPM.

United States District Court,
S.D. Illinois.

Dec. 20, 2006.

Alan S. Mills, Lawrence A. Wojcik, Up-town People's Law, Colleen E. McManus, DLA Piper US LLP, Paul Homer, Piper Rudnick, Chicago, IL, Richard D. Murray,

Jr., Kenneth D. Rose & Associates, Ltd., Anna, IL, for Plaintiffs.

Christopher L. Higgerson, Terence Corrigan, Julie Morgan, Illinois Attorney General's Office, Springfield, IL, Erik Light, Illinois Attorney General's Office, Chicago, IL, for Defendants.

## *MEMORANDUM AND ORDER*

MURPHY, Chief Judge.

This matter is before the Court on "Plaintiffs' Objections to Magistrate Judge's Order Denying Plaintiffs' Motion to Compel Defendants to Provide Court with Disc of Information Revealed During *In Camera* Inspection," construed by the Court as an appeal from certain discovery rulings by United States Magistrate Judge Donald G. Wilkerson (Doc. 163). For the following reasons, the appeal is **DENIED** and the challenged rulings are **AFFIRMED**.

### Introduction

Plaintiffs Robert Westefer, Mark Von Perbandt, Alejandro Villazana, Armando Tinajero, Corey Taylor, Michael Sparling, Joe Sorrentino, Anibal Santiago, Tyshawn Ross, Edward Rodriguez, Vincente Rodriguez, Vincent Reyna, Alex Muller, William Lasley, Ted Knox, Michael Johnson, Eugene Horton, George Harper, Timothy Hall, John Gill, Larry Gambrell, Larry Foutch, Robert Felton, Kennard Combs, Maurice Coleman, Laverne Clayton, Gary Clark, Mary Chapman, as the administrator of the estate of Marcus Chapman, Roosevelt Burrell, Finner Bryant, Larry Brown, and Aryules Bivens are past or present inmates of the closed maximum security unit at the Tamms Correctional Center ("Tamms") in Tamms, Illinois. Defendants Donald Snyder, Odie Washington, Michael V. Neal, George DeTella, Michael O'Leary, Dwayne Clark, Jerry Gilmore, Lamark Carter, Rodney Ahitow, Roger Cowan, Thomas Page, Roger Walker, Salvador Godinez, Guy Pierce, Barbara Hurt, Rick Orr, Ronald Meek, Jason Garnett, Deirdre Battaglia, Eddie Jones, Don Hulick, and Roger Zimmerman are past or present officers and employees of the Illinois Department of Corrections ("IDOC"). Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 challenging their confinement at Tamms. Specifically, Plaintiffs Bivens, Burrell, Chapman, Clayton, Combs, Felton, Harper, Horton, Knox, Lasley, Rodriguez, Rodriguez, Santiago, Sorrentino, Sparling, Taylor, and Von Perbandt allege that they were transferred to Tamms in retaliation for exercising their First Amendment right to file grievances and lawsuits about the conditions of their confinement. All Plaintiffs allege that they have a Fourteenth Amendment liberty interest in avoiding transfer to Tamms and that IDOC employs inadequate procedures to protect that interest. IDOC contends that Plaintiffs Bivens, Brown, Bryant, Clark, Coleman, Foutch, Gambrell, Gill, Hall, Horton, Johnson, Knox, Lasley, Muller, Reyna, Edward Rodriguez, Ross, Sorrentino, Sparling, Tinajero, Villazana, Westefer, and Von Perbandt have been assigned to Tamms because they are members of "security threat groups," which is to say, prison gangs.

Plaintiffs have requested in support of their retaliation and procedural due process claims that IDOC disclose to them documents supporting the designation of Plaintiffs as prison gang members in the "transfer packets" that accompanied their assignment to Tamms and any reports by IDOC identifying the alleged leaders of prison gangs from 2000 through the present. IDOC in turn has invoked the so-called "law enforcement investigatory privilege," contending that production of the requested documents would jeopardize prison security. By order entered July 20, 2006, Magistrate Judge Wilkerson directed IDOC to produce the requested docu-

ments, together with any documents that support IDOC's contention that turning over the requested discovery could constitute a security breach, for an in camera inspection. By order entered November 2, 2006, Magistrate Judge Wilkerson modified his prior order to permit the in camera inspection to proceed by way of a demonstration by Mike Atchison, Deputy Commander of Intelligence for IDOC, of the operation of a database on which IDOC stores intelligence regarding prison gangs. On November 6, 2006, Magistrate Judge Wilkerson directed Atchison to appear on November 16, 2006, to perform an in camera electronic demonstration of IDOC's gang intelligence database; he further ordered that counsel for none of the parties to the case would be present at the in camera demonstration.

On November 13, 2006, Magistrate Judge Wilkerson denied a request by counsel for Plaintiffs for a summary of the documents and other data presented at the in camera inspection and for an electronic copy of such documents and data. On November 22, 2006, counsel for Plaintiffs filed an objection to Magistrate Judge Wilkerson's order denying their request for a summary of the data presented at the in camera inspection and an electronic copy of that data. The Court construed the objection as an appeal from Magistrate Judge Wilkerson's order entered November 13, 2006, and directed IDOC to file a response on or before December 7, 2006. IDOC having filed its response, the Court now is prepared to rule.

### DISCUSSION

Pursuant to 28 U.S.C. § 636, "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A). Further, "[a] judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* Rule 72 of the Federal Rules of Civil Procedure provides, in pertinent part, "A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter." FED. R. CIV. P. 72(a). "The district judge to whom the case is assigned shall ... modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *Id.*

■■■■ In general, discovery orders are nondispositive within the meaning of Rule 72(a). *See Adkins v. Mid–American Growers, Inc.,* 143 F.R.D. 171, 175 n. 3 (N.D.Ill.1992); *Johnson v. Old World Craftsmen, Ltd.,* 638 F.Supp. 289, 291 (N.D.Ill.1986). *Accord Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 525 (2d Cir.1990). The clearly erroneous standard of review means that "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.,* 126 F.3d 926, 943 (7th Cir.1997). *See also Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)) ("[A] finding is 'clearly erroneous' when although there is evidence to support

it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); *In re Love,* 957 F.2d 1350, 1354 (7th Cir.1992) (quoting *EEOC v. Sears, Roebuck & Co.,* 839 F.2d 302, 309 (7th Cir.1988)) ("[R]eversal under the clearly erroneous standard is only warranted if 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"); *SK–Palladin Partners, L.P. v. Platinum Entertainment, Inc.,* No. 01 C 7202, 2001 WL 1593154, at *3 (N.D.Ill. Dec. 13, 2001) (quoting *Anderson,* 470 U.S. at 573, 105 S.Ct. 1504) ("A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."). "Ordinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have chosen the other view." *Burns v. American United Life Ins. Co.,* No. 05–CV–0466–DRH, 2006 WL 1004884, at *1 (S.D.Ill. Apr. 17, 2006) (quoting *American Motors Corp. v. Great Am. Surplus Lines Ins. Co.,* No. 87 C 2496, 1988 WL 2788, at *1 (N.D.Ill. Jan. 8, 1988)). *See also Smith-Kline Beecham Corp. v. Apotex Corp.,* No. 98 C 3952, 2000 WL 1310669, at *5 (N.D.Ill. Sept. 13, 2000).

Naturally, in ruling on discovery matters Magistrate Judge Wilkerson is operating in a zone of very broad discretion. *See Weeks,* 126 F.3d at 943 ("District courts enjoy extremely broad discretion in controlling discovery."); *Dole v. Local 1942 Int'l Bhd. of Elec. Workers, AFL–CIO,* 870 F.2d 368, 371 (7th Cir.1989) ("District courts have broad discretion in matters relating to discovery."); *Indianapolis Colts v. Mayor & City Council of Baltimore,* 775 F.2d 177, 183 (7th Cir.1985)(quoting *United Presbyterian Church in the U.S.A. v. Reagan,* 738 F.2d

1375, 1382 (D.C.Cir.1984)) (noting that trial judges have "wide discretion with respect to discovery matters"; moreover, "a trial court's 'discovery rulings are reversed only on a clear showing of abuse, and ... it is unusual to find abuse of discretion in these matters.'"); *Brown–Bey v. United States,* 720 F.2d 467, 470 (7th Cir.1983) ("A district court has wide discretion with respect to discovery matters."); *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.,* 657 F.2d 890, 902 (7th Cir.1981) ("The district court has wide discretion within the rules to determine the manner and course of discovery."). Also, where this case implicates both the law enforcement investigatory privilege and the very serious threat to prison security posed by gangs, arguably that discretion should be exercised with an eye to maintaining the strictest confidentiality of gang intelligence information. *See Dellwood Farms, Inc. v. Cargill, Inc.,* 128 F.3d 1122, 1125 (7th Cir.1997) (citing *Black v. Sheraton Corp. of Am.,* 564 F.2d 531, 545–47 (D.C.Cir.1977)) (stating that the law enforcement investigatory privilege is "not absolute," but also that "there ought to be a pretty strong presumption against lifting the privilege."); *Stefanow v. McFadden,* 103 F.3d 1466, 1472 (9th Cir.1996) ("Anyone familiar with prisons understands the seriousness of the problems caused by prison gangs that are fueled by actively virulent racism and religious bigotry. Protecting staff from prisoners and prisoners from each other is a constant challenge."); *United States v. Silverstein,* 732 F.2d 1338, 1341 (7th Cir.1984) (noting that membership in certain prison gangs is predicated on killing another inmate); Jonathan A. Willens, *Structure, Content and the Exigencies of War: American Prison Law after Twenty-five Years 1962–1987,* 37 Am. U.L.Rev. 41, 56 (1987) (prison gangs are "the most significant reality" in prisoners' lives).

■ Turning then to the question of whether Magistrate Judge Wilkerson committed clear error in declining to furnish Plaintiffs' counsel with a summary of the information presented at the in camera review, the Court finds that he did not. Plaintiffs, citing *United States v. Phillips*, 854 F.2d 273 (7th Cir.1988), suggest that the Seventh Circuit has endorsed a procedure whereby parties seeking discovery of allegedly privileged information are supplied with summaries of material filed under seal. In fact, *Phillips* stands for no such proposition. In *Phillips*, a criminal defendant sought to discover exculpatory evidence in an FBI informant file pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *See* 854 F.2d at 274. The Seventh Circuit approved of the procedure whereby the district judge reviewed the confidential file for *Brady* evidence and compared the contents of the file to a summary thereof furnished by the FBI. *See id.* at 278. Importantly, the Seventh Circuit expressly stated that "the procedure the trial judge employed here—submission of a summary, monitored by *in camera* review of the entire file—is not required." *Id.See also United States v. Danovaro*, 877 F.2d 583, 589 (7th Cir.1989) ("The prosecutor need not turn over all files so that defense counsel may search out exculpatory material; counsel must be satisfied with the representations of the prosecutor, fortified by judicial inspection in close cases.").

A case that is much more closely on point here than *Phillips* is *Peate v. McCann*, 294 F.3d 879 (7th Cir.2002). In *Peate* a prison inmate who was assaulted by another inmate brought suit against a prison guard under 42 U.S.C. § 1983 for allegedly facilitating the assault and failing to intervene to stop it. *See* 294 F.3d at 881. The plaintiff unsuccessfully sought to discover information gathered by prison authorities regarding his assailant's membership in the Aryan Nation prison gang.

*See id.* at 884–85. The Seventh Circuit held that the trial judge did not abuse his discretion in refusing to conduct an in camera review of the prison's investigative file on the assault and to provide the plaintiff with a summary of the non-confidential portions of the file:

> We recognize ... that the government has an interest in maintaining the confidentiality of files containing sensitive information regarding on-going investigations .... Although this interest will not always trump the interest of the opposing party, the necessary evaluation of the competing interests is best left to the district court .... The district court's determination was not unreasonable given that Peate sought information regarding [his assailant's] potential affiliation with the Aryan Nation, information that the prison had valid security reasons to maintain in a confidential manner.

*Id.* at 885 (citing *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646–47 (7th Cir.2001)). In light of *Peate*, it is impossible for the Court to conclude that it was clear error for Magistrate Judge Wilkerson to deny the request by Plaintiffs' counsel for a summary of the documents presented at the in camera inspection.

■ Concerning whether Plaintiffs' counsel are entitled to an electronic copy of the documents and other data presented during the in camera inspection, the Court cannot fathom why they should be given information as to which a privilege is claimed before any determination of the applicability of the privilege has been made. In this connection the Court notes that in the prison setting there is no due process right to the disclosure of confidential information. *See Wolff v. McDonnell*, 418 U.S. 539, 568–69, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (due process does not require that an informant's identity be re-

vealed to an inmate); *Mendoza v. Miller,* 779 F.2d 1287, 1292–94 (7th Cir.1985) (holding that a prison disciplinary committee's determination derived from a statement of an unidentified inmate informant satisfies due process when the record contains some factual information from which the committee can reasonably conclude that the information is reliable together with a prison official's affirmative statement that safety considerations prevent the disclosure of the informant's name, and noting that review of both the reliability determination and the safety determination should be deferential). *Accord Zimmerlee v. Keeney,* 831 F.2d 183, 186–87 (9th Cir.1987) (the reliability of a prison disciplinary committee's determination based on confidential information may be established for purposes of satisfying due process by, inter alia, a statement on the record by the chairman of the committee that he has firsthand knowledge of the source of the information and considers it reliable). As to the retaliation claims asserted in this case, presumably evidence of the kind held to satisfy procedural due process in *Mendoza* likewise would be sufficient to impose on Plaintiffs the burden of showing that, gang affiliations notwithstanding, their activities in filing grievances and lawsuits were a substantial or motivating factor in their assignment to Tamms. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) (outlining the "burden-shifting" model for proving retaliation claims under 42 U.S.C. § 1983). Given that IDOC has no duty to disclose confidential information to Plaintiffs for purposes of their substantive constitutional claims, the Court sees no reason why IDOC should be required to disclose such information in discovery, particularly where no ruling on privilege has yet been made. Furthermore, it is undisputed that the information presented at the in camera inspection is being preserved in electronic form and thus will be available for review, if necessary, either by the undersigned District Judge or by the United States Court of Appeals for the Seventh Circuit. Under these circumstances, the Court cannot say that it is left with the definite and firm conviction that Magistrate Judge Wilkerson's discovery rulings are in error, and therefore the rulings will be affirmed.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** "Plaintiffs' Objections to Magistrate Judge's Order Denying Plaintiffs' Motion to Compel Defendants to Provide Court with Disc of Information Revealed During *In Camera* Inspection" (Doc. 163). The order entered by United States Magistrate Judge Donald G. Wilkerson on November 13, 2006 (Doc. 162), is **AFFIRMED.**

**IT IS SO ORDERED.**