958 F.2d 372
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Abdullah MUSTAFAA, Plaintiff-Appellant,
v.
Michael DUTTON; Steve Dotson; Joe Cobb; Sandra King,
Corporal, Defendants-Appellees.
 No. 91-6292.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1992.
 
 1
 Before BATCHELDER, Circuit Judge; LIVELY, Senior Circuit Judge, and TAYLOR, District Judge.*
 
 ORDER
 
 2
 Abdullah Mustafaa is a pro se Tennessee prisoner who appeals a summary judgment for the defendants in a civil rights case that he had brought under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Mustafaa alleged that the defendants violated his First and Fourteenth Amendment rights by restricting his possession of prayer oils, which are an integral part of prayer rituals that Muslims undertake five times a day. On October 2, 1991, the district court adopted a magistrate judge's recommendation and entered a summary judgment in favor of the defendants. It is from this judgment that Mustafaa now appeals. His brief on appeal contains a request for counsel.
 
 
 4
 Muslim prayer oils are restricted at Mustafaa's prison because the defendants have defined them as "sacramental or ceremonial material." Riverbend Policy No. 118.01.VI.G.4.
 
 
 5
 Sacramental or ceremonial material shall be provided by the chaplain or volunteer worship leader and shall be used only in the area designated by the warden for the worship leader and shall not be in the possession of inmates at any time. These materials include:
 
 
 6
 a. Wine or grape juice, bread or communion wafers for Christian communion/mass;
 
 
 7
 b. Wine or grape juice, matsoh, raisins, nuts, and spices for Jewish ceremonial meals;
 
 
 8
 c. Tobacco, herbs, and pipes for Native American ceremonies;
 
 
 9
 d. Incense, candles and anointing oils for all faith groups.
 
 
 10
 Id. Mustafaa argues that this policy inhibits the free exercise of his religion because prayer oils are not distributed to Muslims at each of their five daily prayers.
 
 
 11
 As an initial matter, it is noted that Mustafaa's equal protection argument lacks merit. See Thompson v. Kentucky, 712 F.2d 1078, 1082 (6th Cir.1983). Mustafaa concedes that the prison's policy is facially neutral because it applies equally to oils that are used in all religions. Moreover, there is no indication in the record that the policy is applied in a discriminatory fashion.
 
 
 12
 A prison regulation is valid if it is reasonably related to legitimate penological objectives, even if it impinges on an inmate's constitutional rights. Turner v. Safley, 482 U.S. 78, 84-91 (1987). Four factors must be considered in determining the validity of a regulation under this test.
 
 
 13
 First, the prison regulation must have a valid and rational connection to the legitimate and neutral government objective put forward to justify it. Second, the court must determine whether there are alternative means of exercising the right that remains open to prison inmates. Third, the court should consider the impact that accommodating the asserted constitutional right will have on the guards and other inmates, and on the allocation of prison resources. The fourth factor is whether there are ready alternatives to the prison regulation.
 
 
 14
 Pollock v. Marshall, 845 F.2d 656, 658 (6th Cir.), cert. denied, 488 U.S. 897 (1988).
 
 
 15
 The defendants have submitted an affidavit, which states in pertinent part as follows:
 
 
 16
 8. Any material coming into the prison for receipt by inmates is subject to search to determine whether the material contains drugs in liquid form or alcohol or other contraband. In addition, inmates are not allowed to possess any product which is flammable, caustic, or toxic. Vials of prayer oil received by inmates would, therefore, be required to be searched to determine the content. Search of a liquid material, such as prayer oil is difficult and time consuming due to the problem of determining the contents. Indeed, the only way in which to completely rule out the possibility that prayer oil contains contraband matter would be to conduct a laboratory test.
 
 
 17
 The disputed policy satisfies the balancing test that is prescribed by Turner. First, the policy is reasonably related to legitimate security concerns. Second, the policy does not restrict other Muslim religious practices, and it does not completely forbid the use of prayer oils. Third, distributing the oil five times a day would be impracticable. Fourth, restricting inmate possession to oils that are received directly from a manufacturer is not a sufficient answer to the need for institutional safety.
 
 
 18
 Accordingly, Mustafaa's request for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation