**Asbert JOSEPH, Plaintiff–Appellant,**

v.

**Donal CAMPBELL; Kevin Myers; Linda Rochell; Danny Scott; Billy Riley; Mark Hacker; Pennington, Sco; Randall J. Runions; Clarence Potts, Defendants–Appellees.**

No. 00–5823.

United States Court of Appeals, Sixth Circuit.

March 12, 2001.

Before SILER, MOORE, and CLAY, Circuit Judges.

## ORDER

Asbert Joseph, a Tennessee prisoner proceeding pro se, appeals a district court order granting summary judgment to the defendants in this action brought under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Joseph sued Tennessee Department of Corrections ("TDOC") Director Donal Campbell and eight employees of the South Central Correctional Facility ("SCCF"). Joseph, a Muslim minister, alleged that the defendants violated his rights of religious freedom and equal protection under the First and Fourteenth Amendments when they: (1) refused a request for a religious meeting in observance of the "Day of Atonement" on October 16, 1998; (2) failed to provide nutritionally adequate meals served in a manner acceptable to the Muslim faith; (3) banned inmates from possessing prayer oils and incense necessary to Muslim religious practices while permitting other religious groups to use ceremonial items; (4) failed to supply the prison library with Islamic religious materials; (5) retaliated against him for filing grievances by rescinding permission for his religious group to maintain a trust fund account; and (6) retaliated against him by refusing to give him a package he received in the mail. One of the defendants did not file a response to the lawsuit. After a period of discovery, the remaining defendants moved for summary judgment. In a report entered March 29, 2000, the magistrate judge recommended granting the defendants' motion. The district court adopted the magistrate judge's report and recommendation over Joseph's objections.

In his timely appeal, Joseph argues that he presented disputed issues of material fact precluding summary judgment on his religious freedom, equal protection, and retaliation claims.

■ Initially, we note that Joseph has waived his claim that the prison did not provide sufficient Islamic reading materials. He did not mention this claim when he filed objections to the magistrate judge's report and recommendation, nor does he raise it on appeal. Accordingly, we need not address it further. *See Callier v. Gray,* 167 F.3d 977, 979–80 (6th Cir. 1999); *Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996).

■ Upon de novo review, we conclude that the district court properly granted summary judgment to the defendants on Joseph's free exercise of religion claims. *See Smith v. Ameritech,* 129 F.3d 857, 863 (6th Cir.1997). Inmates' First Amendment right to exercise their religious beliefs may be subjected to reasonable restrictions and limitations. *Bell v. Wolfish,* 441 U.S. 520, 549–51, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Pollock v. Marshall,* 845 F.2d 656, 658–60 (6th Cir.1988). In their motions for summary judgment, the defendants established that any burden the prison placed on Joseph's practice of his religion was reasonably related to legitimate penological interests. *See O'Lone v. Estate of Shabazz,* 482 U.S. 342, 350–53, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987); *Spies v. Voinovich,* 173 F.3d 398, 403 (6th Cir.1999).

■ First, the defendants' decision to cancel all nonessential events on October 16, 1998, was rationally connected to a legitimate security concern in view of a recent escape. *See Pell v. Procunier,* 417 U.S. 817, 822–23, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974); *Brown v. Johnson,* 743 F.2d 408, 412–13 (6th Cir.1984). Second, the defendants accommodated Joseph's religious dietary requirements by notifying the prisoners when pork was served, offering nutritionally sound substitutes, and attempting to serve the substitutes in a man-

ner acceptable to the Muslim inmates. *See Kahey v. Jones,* 836 F.2d 948, 950–51 (5th Cir.1988). Third, the defendants' restriction on the use of oils and incense was rationally related to a legitimate penological interest in security because these items are flammable and can be used to mask the odor of marijuana. *See Mustafaa v. Dutton,* No. 91–6292, 1992 WL 51473, at *2 (6th Cir. Mar. 18, 1992); *Dettmer v. Landon,* 799 F.2d 929, 933–34 (4th Cir.1986). Moreover, the prisoners had an alternative means of using oils and incense through religious volunteers visiting the prison. Finally, Joseph did not show that the prison's ban on religious groups maintaining trust fund accounts infringed upon his right of free exercise of religion. Under prison policy, individual inmates are free to use their money to purchase religious materials.

■ We also conclude that the district court properly granted summary judgment to the defendants on Joseph's equal protection claim. Joseph did not present any evidence beyond his own allegations that the defendants purposefully discriminated against him because of his membership in a protected class. *See McCleskey v. Kemp,* 481 U.S. 279, 292, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987); *Henry v. Metro. Sewer Dist.,* 922 F.2d 332, 341 (6th Cir.1990).

■ Finally, we agree with the district court that the defendants were entitled to summary judgment on Joseph's retaliation claims. Joseph failed to establish the elements of such a claim because: (1) the acts that he alleged the defendants committed would not deter a person of ordinary firmness; and (2) he produced no evidence that the defendants were motivated to act against him because of his grievances. *See Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999) (en banc).

In sum, faced with the defendants' well-supported motions for summary judgment Joseph failed to come forward with evidence on which a jury could reasonably find that the defendants infringed impermissibly on his religious rights, denied him equal protection, or retaliated against him. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.