**Rita SHAFFMASTER, Plaintiff–Appellant,**

v.

**William CLINTON, et al., Defendants–Appellees.**

No. 00–1649.

United States Court of Appeals, Sixth Circuit.

Jan. 26, 2001.

Before BATCHELDER and CLAY, Circuit Judges; POLSTER, District Judge.[*]

Rita Shaffmaster appeals a district court judgment that dismissed her civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

Shaffmaster filed her complaint in the district court alleging that she is illegally incarcerated pursuant to her 1984 conviction for second degree murder, and that property was improperly taken from her as a result. Plaintiff named as defendants various federal, state and local officials, as well as private individuals. Plaintiff sought injunctive relief and money damages. Many of the defendants moved to dismiss the complaint or for summary judgment, and plaintiff responded in opposition. The magistrate judge recommended that the complaint be dismissed, and plaintiff sought an extension of time in which to file a response. Thereafter, plaintiff submitted a "response to summary judgment." The district court adopted the magistrate judge's recommendation and dismissed the complaint. Within sixty days, plaintiff filed a notice of appeal. Plaintiff has paid the appellate filing fee.

On appeal, plaintiff continues to make allegations that at least border on delusional. Defendants respond that: (1) plaintiff's notice of appeal was untimely; (2) plaintiff waived her right to appeal because she failed to object to the magistrate judge's recommendation; (3) plaintiff failed to exhaust available administrative remedies; (4) plaintiff cannot seek habeas corpus relief under § 1983; and (5) the district court otherwise properly dismissed plaintiff's complaint.

Initially, it is noted that appellate jurisdiction is proper. In their brief on appeal, the state defendants assert that plaintiff filed her notice of appeal beyond the applicable thirty day period. However, plaintiff had sixty days in which to file her notice of appeal because she named federal defendants. *See* Fed. R.App. P. 4(a)(1)(B). Accordingly, jurisdiction is proper.

Upon consideration, we affirm the judgment because plaintiff waived her right to appellate review when she failed to file objections to the magistrate judge's report and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Callier v. Gray*, 167 F.3d 977, 979–80 (6th Cir.1999); *Willis v. Sullivan*, 931 F.2d 390, 400–01 (6th Cir. 1991). Plaintiff sought an extension of time in which to file a "responsive pleading," and subsequently filed a "response to summary judgment." However, plaintiff did not file objections to the magistrate judge's report and recommendation. Further, plaintiff's "response to summary judgment" simply does not constitute specific and timely objections to a magistrate judge's report and recommendation adequate to preserve her right to appeal the subsequent order of the district court adopting and approving that report. *See Callier*, 167 F.3d at 979–80; *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995); *Willis*,

---

[*] The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

931 F.2d at 401. Thus, plaintiff waived her right to appeal the district court's judgment, and no exceptional circumstances warrant a departure from this rule in the interests of justice. *See Thomas,* 474 U.S. at 155, 106 S.Ct. 466.

■ Moreover, the district court properly dismissed plaintiff's complaint in any event. Plaintiff's claims are not cognizable under § 1983 insofar as a ruling on the claims would imply the invalidity of her state convictions. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Plaintiff did not allege any deprivation of a constitutional right by any defendant that acted under color of state law. *See Flagg Bros. v. Brooks,* 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). Nor did plaintiff identified any county custom or policy that caused an alleged violation of any right that could lead to liability under § 1983. *See Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 122–24, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992); *Monell v. Department of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984). Accordingly, plaintiff's complaint was properly dismissed in any event.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.