Daryl L. VAUGHN, Plaintiff–Appellant,

v.

DP PACKAGING, INC., d/b/a Aerko International, Defendant–Appellee.

No. 99–6671.

United States Court of Appeals, Sixth Circuit.

Aug. 16, 2001.

Before KENNEDY and DAUGHTREY, Circuit Judges; MCKEAGUE, District Judge.*

McKEAGUE, District Judge.

Plaintiff Daryl Vaughn appeals from the district court's grant of summary judgment in favor of defendant DP Packaging, Inc., d/b/a Aerko International ("DP Packaging"). In this diversity action, Vaughn brought several state-law claims against DP Packaging based on its manufacture and sale of "Freeze +P", a pepper spray marketed to law enforcement. Upon referral from the district court, Magistrate Judge William J. Haynes, Jr., recom-

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

mended granting summary judgment for DP Packaging. After receiving objections by Vaughn and a response by defendant, the district court accepted the magistrate judge's report and recommendation and granted summary judgment for defendant.

## I.

According to a DP Packing representative, Freeze +P is "designed for use by police officers to control unruly subjects, to modify behavior or move people from where they are to where you want them to be." (J.A. 539.) On six separate occasions between March 1995 and February 1996,[1] Vaughn was arrested by police officers in Wilson County, Tennessee. He alleges that officers sprayed him with Freeze +P on each occasion, causing various injuries including chemical burns to his skin, mouth, and nose; swelling in his eyes and blurred vision; decreased hearing; and headaches and other extreme pain. Defendant's representative testified that a user of the spray would have no reason to believe he would cause such injuries. (J.A. 555–56.)

In March and April 1995, Vaughn consulted several different attorneys regarding a possible lawsuit stemming from his injuries. (J.A. 640–46.) Eventually, he met with his current attorney, Chantal Eldridge, and subsequently filed this case in federal district court on July 31, 1996. (J.A. 1.) In his second amended complaint, he asserted claims against DP Packaging of strict liability, negligence, breach of implied warranty of fitness for a particular purpose, and breach of implied warranty of merchantability. (J.A. 23–25.) DP Packaging filed a motion for summary judgment asserting, *inter alia*, that Vaughn's claims were time-barred under Tennes-

see's statutes of limitation. (J.A. 47, 69–77.)

Upon review of the dispositive motion and responsive pleadings, Magistrate Judge Haynes recommended that summary judgment be granted in favor of DP Packaging. He found that Tennessee's "single injury" rule applied in this case, and that the limitation periods on all of plaintiff's claims began to run shortly after his first injury in March 1995. (J.A. 502–06.) Based on his determination that all of Vaughn's claims were subject to Tennessee's one-year statute of limitation for product liability claims, the magistrate judge concluded that all of the claims were time-barred. (*Id.*) He further recommended that: (1) defendant's motions to strike Vaughn's expert testimony be granted; (2) Vaughn's motion to stay discovery be denied; and (3) Vaughn's motion to permit the filing of an additional expert witness affidavit be denied. (J.A. 506–07.) Over objections, the district court accepted the report and recommendation. (J.A. 524–25.)

Vaughn now appeals the district court's order of judgment.

## II.

Vaughn argues that the district court erred when it granted DP Packaging's motion for summary judgment. We review the district court's grant of summary judgment *de novo. Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 933 (6th Cir.2000); *Grand Traverse Band of Ottawa & Chippewa Indians v. Michigan Dep't of Natural Resources*, 141 F.3d 635, 638 (6th Cir.), *cert. denied*, 525 U.S. 1040, 119 S.Ct. 590, 142 L.Ed.2d 533 (1998).

---

1. Vaughn originally asserted that there were seven separate arrests in which he was sprayed with Freeze +P. (J.A. 21.) He now

maintains, however, only six such occasions. Appellant's Final Opening Brief at 18.

Summary judgment may be granted only when there is no genuine issue of material fact for a jury to consider. Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Plant,* 212 F.3d at 934. We must consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," in the light most favorable to the opposing party, here plaintiff. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. While "credibility determination, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge," *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the non-movant may not rely solely on his pleadings, but must demonstrate the existence of a genuine issue of material fact by pointing to "specific facts" that create such an issue, *Matsushita Elec. Indus. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

■ When sitting in diversity, a federal court must apply state law. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Vaughn's product liability claims are governed by the Tennessee Products Liability Act, which provides in part:

"Product liability action" for purposes of this chapter includes all actions brought for or on account of personal injury ... caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product. "Product liability action" includes, but is not limited to, all actions tried upon the following theories: strict liability in tort; negligence; breach of warranty, expressed or implied; breach of or failure to discharge a duty to warn or instruct,

whether negligence or innocent; misrepresentation, concealment, or nondisclosure, whether negligent or innocent; or under any other substantive legal theory in tort or contract whatsoever.

TENN.CODE. ANN. § 29–28–102(6). The applicable statute of limitation is found in § 29–28–103(a), which provides, "[a]ny action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28–3–104, 28–3–105, 28–3–202 and 47–2–725." Section 28–3–104 in turn states:

(a) The following actions shall be commenced within one (1) year after the cause of action accrued:

(1) Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, breach of marriage promise;

\* \* \* \* \* \*

(b) For the purpose of this section, in products liability cases:

(1) The cause of action for injury to the person shall accrue on the date of the personal injury, not the date of the negligence or the sale of a product;

(2) No person shall be deprived of the right to maintain a cause of action until one (1) year from the date of the injury; and

(3) Under no circumstances shall the cause of action be barred before the person sustains an injury.

■ While there is no dispute that Tennessee's one-year statute of limitation provision applies to the strict liability and negligence claims, Vaughn maintains that each exposure to the Freeze +P constitutes a separate cause of action, giving rise to multiple limitation periods. Under this theory, Vaughn apparently concedes that his negligence and strict liability claims

arising from his March and April 1995 exposures fall outside the applicable limitations periods. (J.A. 148.) He argues on appeal, however, that his claims arising from the September and November 1995 and February 1996 exposures are not barred because he filed his suit in July 1996, well within the one-year periods for those claims. Appellant's Final Opening Brief at 19–20.

It is certainly true that Vaughn could maintain separate actions against the individual officers for each of the six exposures, which he in fact did in the federal court below. (On defendants' motions, the district court granted summary judgment in favor of the officers in each case. Vaughn appealed the district court's decisions. *See Daryl L. Vaughn v. City of Lebanon et al.*, Nos. 99–6670, 99–6672, 99–6673, 99–6675, and 99–6676.)

■  Yet, as to his suit against DP Packaging, the six exposures constitute a single cause of action under Tennessee law. As explained by the Tennessee Supreme Court, the "single injury" rule derives "from the principle that one tortious act gives rise to but one indivisible claim for damages." *Potts v. Celotex Corp.*, 796 S.W.2d 678, 680 (Tenn.1990). The single tortious act may in fact involve multiple acts or omissions occurring over several days, months, or even years. For example, Tennessee courts have found that multiple acts of professional malpractice and repeated exposure to dangerous conditions give rise to a single cause of action and, accordingly, a single limitation period. *See, e.g., Cherry v. Williams*, 36 S.W.3d 78, 87 (Tenn.Ct.App.2000) ("In the context of a legal malpractice claim, we now hold that a litigant who learns that it has suffered a cognizable legal injury and that this injury was caused by the negligence of its lawyer but who nevertheless continues to be represented by that lawyer will be forever barred from bringing suit against the law-

yer unless it files suit within one year after the discovery of the injury and its cause."); *Wansley v. Refined Metals Corp.*, No. 02A01–9503–CV–65, 1996 WL 502497, at **4–6 (Tenn.Ct.App. Sept. 6, 1996) (rejecting the plaintiff's contention that each exposure to the defendant's toxic emissions constituted a new tort giving rise to separate causes of action); *see also Kenton v. United Tech.*, No. 71, 1990 WL 32121, at *3 (Tenn.Ct.App. Mar. 26, 1990) (noting that in a case involving a continuing tort, "[a] plaintiff is not entitled to a new limitations period to begin with the appearance of each new injury or complication").

■  Under the "continuous tort doctrine"-where allegedly tortious conduct occurs repeatedly over a period of time-the limitation period does not begin to run until the plaintiff's exposure to the conduct ceases, regardless of when he discovers the injury and its cause. *See Tennessee Eastman Corp. v. Newman*, 22 Tenn.App. 270, 121 S.W.2d 130, 135 (1938). However, with the Tennessee legislature's adoption of the "discovery rule"-under which the limitation period accrues when an individual becomes "aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct," *Carvell v. Bottoms*, 900 S.W.2d 23, 29 (Tenn.1995)-Tennessee courts have found that the continuous tort doctrine has been completely subsumed by the discovery rule. *See Stanbury v. Bacardi*, 953 S.W.2d 671, 676 (Tenn.1997); *Cherry*, 36 S.W.3d at 87; *Wansley*, 1996 WL 502497, at *6.

■■  Read in conjunction, the single injury and discovery rules require that when an individual

learns of his injuries and learns of the causal connection to the defendant's conduct and continues to be subjected to such conduct, the discovery rule applies, and a plaintiff will be forever barred

from bringing suit if he fails to bring suit within one year of the discovery of his injury and its cause.

*Wansley,* 1996 WL 502497, at \*6. The record in the present case demonstrates that Vaughn had actual knowledge in March 1995 of his adverse reaction to Freeze +P. His physician advised him in March and April 1995 that the injuries may have been caused by his exposure to the spray. Vaughn thereafter sought legal advice for a possible lawsuit, and eventually obtained representation in May 1995. The allegedly wrongful conduct complained of here-manufacturing, distributing, and selling a dangerous and defective product-and the alleged tortfeasor-DP Packaging-are the same for each incident. Given this, we find that the magistrate judge did not err in concluding that under Tennessee law: (1) the separate exposures constitute a single tort in relation to DP Packaging; and (2) Vaughn's cause of action against DP Packaging accrued sometime in March–April 1995.

■ One exception to this general rule occurs when a plaintiff alleges a separate, latent disease or injury that could not have reasonably been discovered when an earlier disease or injury was discovered. *See, e.g., Potts,* 796 S.W.2d at 683–84 (finding that the plaintiff's cause of action for mesothelioma did not accrue until the condition was diagnosed, even though he knew several years earlier that he suffered from an unrelated disease caused by the same tortious conduct by the defendant). There are no allegations of latent disease or injury in the present case that would give rise to such an exception.

Accordingly, we affirm the district court's determination that Vaughn's negligence and strict liability claims are time-barred under Tennessee law.

### III.

■ In his second amended complaint, Vaughn also asserted claims of breach of implied warranty of fitness for a particular purpose and breach of implied warranty of merchantability. Magistrate Judge Haynes concluded that because these claims were grounded in products liability, they were time-barred under Tennessee's one-year statute of limitation period. Vaughn argues on appeal that he actually raised claims of implied warranty grounded in the Tennessee Uniform Commercial Code, which are subject to a four-year statute of limitation period. TENN.CODE ANN. § 47–2–725(1).

■ In order to preserve the right to appeal an order of the district court accepting a report and recommendation, a litigant must find specific and timely objections. 28 U.S.C. § 636(b)(1); *see also Callier v. Gray,* 167 F.3d 977, 979–80 (6th Cir.1999). A litigant who does not file timely, specific objections waives appellate review. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.1991).

A review of Vaughn's objections clearly shows that he did not specifically object to the magistrate judge's recommendation on this issue. In the body of his brief, Vaughn argued that the affidavits of his experts should not be stricken and that each of the exposures to Freeze +P constituted a separate cause of action. (J.A. 515–23.) He made no objection, specific or conclusory, to the magistrate judge's finding that the one-year statute of limitation was generally applicable to all of plaintiff's claims, including the breach of warranty claims.

Near the end of his brief, Vaughn included a footnote in which he stated:

The Magistrate does not address any of the other arguments raised by the defendant in its motion for summary judg-

ment or Plaintiff's response thereto. Accordingly, Plaintiff incorporates his opposition to the defendant's motion on these additional issues.

(J.A. 523 n. 1.) It is clear, however, that this statement does not provide the level of specificity we require to put a district court on notice that a party objects to a particular portion of the report and recommendation. Even if we were to find that this statement met the specificity requirement, it is apparent that Vaughn was referring to arguments the magistrate judge *did not* address, and not matters he *did in fact* address in his report and recommendation.

█ Accordingly, we find that Vaughn has waived his right of appeal on this issue. While exceptional circumstances may warrant departure from the waiver rule in the interests of justice, *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), such circumstances do not exist here.

### IV.

For the reasons stated above, we AFFIRM the district court's grant of summary judgment for defendant DP Packaging. We decline to reach as moot the district court's findings on the remaining non-dispositive matters.