Christopher BELL, Plaintiff–Appellant,

v.

Joel COMMINS, et al., Defendants–Appellees.

No. 01–3415.

United States Court of Appeals,
Sixth Circuit.

Oct. 26, 2001.

Before NELSON, DAUGHTREY, and MOORE, Circuit Judges.

## ORDER

Christopher Bell, an Ohio prisoner proceeding pro se, appeals the district court order dismissing his claims against two defendants and denying his motion for a temporary restraining order and a preliminary injunction in this case brought under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Bell sued Joel Commins, Dr. Istanbouli, Ms. Robinson, William Golar, and Gary Schultz, all employees of the Trumbull Correctional Institution where Bell was incarcerated. Bell alleged that the defendants violated his rights under the Sixth, Eighth, and Fourteenth Amendments. Defendants Schultz and Istanbouli moved to dismiss for failure to state a claim, see Fed.R.Civ.P. 12(b)(6), and defendants Robinson, Commins, and Golar moved to dismiss for lack of service. See Fed.R.Civ.P. 4(m). Bell filed a response and a motion for a temporary restraining order and/or a permanent preliminary injunction. In a report dated August 28, 2000, Magistrate Judge Gallas recommended granting Schultz and Istanbouli's

motion and denying the remaining motions. The parties consented to having Magistrate Judge Gallas conduct all further proceedings in the case. *See* 28 U.S.C. § 636(c); Fed.R.Civ.P. 73. The district court adopted the report and recommendation over Bell's objections in an order entered March 8, 2001. Bell appeals that order.

On appeal, Bell argues that the district court erred when the court ruled that he failed to exhaust his administrative remedies. The appellees argue that this court lacks jurisdiction because Bell is attempting to appeal an order which did not dispose of all the claims and parties.

■ Initially, we conclude that the district court's order is appealable but only to the extent that the district court declined to grant Bell a preliminary injunction. An order denying an injunction is appealable but the denial of a motion for a temporary restraining order is not. *See* 28 U.S.C. § 1292(a)(1); *Office of Pers. Mgmt. v. Am. Fed'n of Gov't Employees, AFL–CIO,* 473 U.S. 1301, 1303–05, 105 S.Ct. 3467, 87 L.Ed.2d 603 (1985). Moreover, in the absence of certification under Fed.R.Civ.P. 54(b), an order disposing of fewer than all of the claims and parties is ordinarily not appealable as a final judgment under 28 U.S.C. § 1291. *Solomon v. Aetna Life Ins. Co.,* 782 F.2d 58, 59–60 (6th Cir.1986). In adopting the magistrate judge's report and recommendation, the district court dismissed only Bell's claims against Schultz and Istanbouli and denied the other defendants' motion to dismiss. Because the district court did not certify the order on appeal under Rule 54(b) and it does not appear that a final decision of the district court has been entered during the pendency of this appeal, *see Gillis v. United States Dep't of Health & Human Servs.,*

759 F.2d 565, 569 (6th Cir.1985), this court lacks jurisdiction to review the dismissal of the claims against Schultz and Istanbouli. Thus, the only issue on appeal is the propriety of the district court's decision to deny Bell's application for a preliminary injunction.

■ We further conclude that Bell has waived appellate review of the only issue on appeal. Litigants must file specific and timely objections in order to preserve the right to appeal a subsequent order of the district court adopting and approving that report. *Callier v. Gray,* 167 F.3d 977, 979–80 (6th Cir.1999); *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.1991). Although Bell filed objections to the report and recommendation, he did not object to the magistrate judge's ruling on his motion for a preliminary injunction. Moreover, issues raised in the district court but not on appeal are considered abandoned and not reviewable on appeal. *Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996). Bell did not raise the issue of the preliminary injunction in his brief on appeal. Thus, he has waived appellate review of this issue. *See id.*

For the foregoing reasons, we affirm the district court's order denying Bell's application for a preliminary injunction. Rule 34(j)(2)(C), Rules of the Sixth Circuit.