Joseph Raymond ZIEGLER; Rondal Pass; Melvin Redwine; Michael Conklin, Plaintiffs–Appellants,

v.

Kenneth L. MCGINNIS, et al., Defendants–Appellees.

No. 01–1492.

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2002.

Before JONES, DAUGHTREY, and COLE, Circuit Judges.

## ORDER

Joseph Raymond Ziegler, Rondal Pass, Melvin Redwine, and Michael Conklin appeal the district court order which dismissed their claims in this civil rights action filed pursuant to 42 U.S.C. § 1983, the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1951–1968, and other law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, the plaintiffs sued Michigan Department of Corrections (MDOC) Director Kenneth McGinnis, Marquette Branch Prison (MBP) employees, and Standish Maximum Correctional Facility (SMF) employees. The plaintiffs alleged that the defendants: (1) violated Pass's right of access to the courts when they seized and destroyed his legal papers; (2) interfered with the other plaintiffs' right of access to the courts by preventing Ziegler from assisting them; (3) retaliated against Ziegler for filing grievances by transferring him back and forth between prisons; (4) interfered with Ziegler's mail; (5) penalized Ziegler for refusing to authorize a medical co-pay; and (6) violated RICO and other federal law through their telephone policy. In separate orders, the district court dismissed some of the plaintiffs' claims for failure to exhaust administrative remedies, dismissed some for failure to state a claim, and granted summary judgment to the defendants on the remaining claims.

In their timely appeal, the appellants reassert their district court claims. They have also moved for an injunction based upon their district court claims.

This court reviews de novo a district court's interpretation of the Prison Litigation Reform Act (PLRA). McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir.1997). Upon review, we first conclude that the district court properly held that Pass, Redwine, and Conklin did not meet their burden of demonstrating that they exhausted their administrative remedies as required by the PLRA. See 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1823, 149 L.Ed.2d 958 (2001). The prisoners alleged that they had filed many grievances but did not place any copies in the district court record or describe with specificity the steps they had taken. See Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir.), cert. denied, 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000). Thus, the district court properly dismissed these claims for failure to exhaust administrative remedies. See 42 U.S.C. § 1997e(c); White v. McGinnis, 131 F.3d 593, 595 (6th Cir.1997).

Second, we conclude that the district court properly held that the following allegations failed to state a claim: Ziegler's charge that the defendants retaliated against him, violated his Eighth Amendment rights and interfered with his mail, and the prisoners' challenge to the MDOC's telephone policy. Ziegler alleged that the defendants retaliated against him for filing grievances by transferring him back and forth between prisons. His bare allegations of malice do not suffice to establish a constitutional claim. Crawford–El v. Britton, 523 U.S. 574, 588, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998); Thaddeus–X v. Blatter, 175 F.3d 378, 399 (6th Cir.1999). Ziegler also alleged that the defendants

denied him medical care by requiring him to pay a $3.00 co-payment. He did not claim, however, that he could not afford the $3.00. Thus, he was denied care not because of the defendants' deliberate indifference but because of his own refusal to pay. *See Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Ziegler waived any claim he may have had regarding his in-coming mail because he did not object to the magistrate judge's report which recommended denying this claim. *See Callier v. Gray,* 167 F.3d 977, 979–80 (6th Cir.1999). Moreover, a prisoner has no constitutional right to rehabilitation or education. *Rhodes v. Chapman,* 452 U.S. 337, 348, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *Canterino v. Wilson,* 869 F.2d 948, 952–54 (6th Cir.1989). Lastly, the prisoners had no claim based upon the MDOC's telephone policy. They had no RICO claim because they did not allege injury to business or property. *See Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 495–96, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985) (construing 18 U.S.C. § 1964(c)). They had no First Amendment claim because the limits imposed by the MDOC were rationally related to legitimate security interests of the prison. *See Washington v. Reno,* 35 F.3d 1093, 1100 (6th Cir. 1994).

Finally, we conclude that the district court properly granted summary judgment to the defendants on Ziegler's access to the courts claim. *See Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000). Ziegler alleged that the defendants interfered with his efforts to assist other prisoners with their legal work. "A 'jailhouse lawyer's' right to assist another prisoner is wholly derivative of that prisoner's right of access to the courts; prison officials may prohibit or limit jailhouse lawyering unless doing so interferes with an inmate's ability to present his grievances to a court."

*Thaddeus–X,* 175 F.3d at 395. Ziegler presented no proof beyond conclusory allegations that the other inmates were deprived of their right of access to the court. Because the inmates have no claim, Ziegler has no derivative claim. *See id.*

For the foregoing reasons, we deny the appellants' motion for an injunction and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.