Benjamin RAGAN, Plaintiff–Appellant,

v.

Bill MARTIN; Bruce Curtis, Warden; John Doe, Defendants–Appellees.

No. 02–2180.

United States Court of Appeals, Sixth Circuit.

March 28, 2003.

Before: NORRIS and BATCHELDER, Circuit Judges; and BARZILAY, Judge.*

* The Honorable Judith M. Barzilay, United States Court of International Trade, sitting by designation.

## ORDER

Benjamin Ragan appeals a district court grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ragan filed his complaint in the district court alleging that corrections officers at the Saint Louis Correctional Facility were abusive and used excessive force on plaintiff in the process of securing another prisoner housed in the same cell. Plaintiff named as defendants the Director of the Michigan Department of Corrections, Bill Martin, the Warden of the Saint Louis Correctional Facility, Bruce Curtis, and six unknown "John Doe" defendant corrections officers, all in their individual and official capacities, and sought only money damages. Defendants Martin and Curtis moved the district court to dismiss the complaint or for summary judgment, and plaintiff responded in opposition and moved the district court for leave to file an amended complaint. The magistrate judge recommended that summary judgment for defendants be granted, and plaintiff filed objections. The district court adopted the magistrate judge's recommendation and entered judgment accordingly. Plaintiff filed a timely notice of appeal. On appeal, plaintiff contends that the district court abused its discretion in denying him leave to amend his complaint to add a defendant corrections supervisor, Sergeant Garcia, because he can show a genuine issue of material fact remaining for trial with respect to whether he can establish supervisory liability. Defendants respond that the district court's judgment was proper.

Upon review, the judgment is affirmed because plaintiff waived his right to appeal the issues he asserts on appeal when he did not object to the magistrate judge's report and recommendation insofar as it addressed his motion for leave to amend his complaint or his claims against Sergeant Garcia. *See Callier v. Gray,* 167 F.3d 977, 979–80 (6th Cir.1999); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). Nonetheless, it is noted that plaintiff's claims on appeal lack merit in any event. First, the district court correctly concluded that plaintiff did not establish that he exhausted administrative remedies with respect to Sergeant Garcia. *See Booth v. Churner,* 532 U.S. 731, 736–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard,* 193 F.3d 876, 878–79 (6th Cir. 1999); *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998). Plaintiff's mention of Sergeant Garcia in an administrative grievance he attached to his original complaint does not suffice to establish that plaintiff exhausted available administrative remedies with respect to any claim against Sergeant Garcia. Moreover, plaintiff did not adequately allege a cognizable cause of action against Sergeant Garcia in any event. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Taylor v. Mich. Dep't of Corr.,* 69 F.3d 76, 80–81 (6th Cir.1995).

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.