Douglas Maurice **ROGERS,**
Plaintiff–Appellant,

v.

**Bill MARTIN; Carol Howes;
Jim Knnack; Jim Desmond,**
Defendants–Appellees.

No. 03–1340.

United States Court of Appeals,
Sixth Circuit.

Dec. 11, 2003.

Douglas Maurice Rogers, pro se, Muskegon Correctional Facility, Muskegon, MI, for Plaintiff–Appellant.

A. Peter Govorchin, Asst. Attorney Gen., Office of the Attorney General, Corrections Division, Lansing, MI, for Defendants–Appellees.

Before COLE and CLAY, Circuit Judges; and COLLIER, District Judge.*

### ORDER

Douglas Maurice Rogers, a Michigan prisoner proceeding pro se, appeals the district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Rogers sued former Michigan Department of Corrections (MDOC) Director Bill Martin, Warden Carol Howes, and Assistant Resident Unit Supervisors Jim Knnack and Jim Desmond. Rogers alleged that the defendants violated his First Amendment rights by preventing him from receiving issues of *Swank* magazine because the magazines included photographs prohibited by prison policy. He also alleged that the prison regulation relied upon by the defendants violated state law and was not properly promulgated. The defendants filed a motion for summary judgment and Rogers filed a response. The magistrate judge recommended granting summary judgment to the defendants. The district court adopted the magistrate judge's report and recommendation over Rogers's objections and dismissed the case. The court found that the prison policy at issue was rationally related to a legitimate penological interest, and declined to exercise jurisdiction over Rogers's state law claims.

On appeal, Rogers argues that: (1) the defendants' actions deprived him of a property interest without due process of law; and (2) the prison policy at issue is invalid under state law.

■ Initially, we note that Rogers did not raise a due process argument in his objections to the magistrate judge's conclusions. Litigants must file specific and timely objections to a magistrate judge's report and recommendation in order to preserve the right to appeal a subsequent order of the district court adopting and approving that report. *See Callier v. Gray*, 167 F.3d 977, 979–80 (6th Cir.1999). Accordingly, Rogers has waived appellate review of that argument.

This court reviews an order granting summary judgment de novo. *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

■ Upon review, we affirm the district court's judgment for the reasons

---

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

stated by the district court. Prison officials at the Lakeland Correction Facility where Rogers is incarcerated rejected two issues of *Swank* magazine addressed to Rogers. The rejections relied on a revised prison mail policy, issued on January 1, 2001, which prohibits photographs depicting actual or simulated sexual acts by one or more persons. The prison policy deems such photographs to pose a threat to security, good order, or discipline of the facility, because they may facilitate or encourage criminal activity or interfere with rehabilitation. The defendants gave Rogers notice of the rejections, held hearings to determine whether the magazines violated the policy, upheld the rejections, and disposed of the magazines. Rogers filed grievances and appealed them to Step III without success.

The defendants were entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). The district court held that the MDOC policy did not violate the First Amendment because: (1) it was rationally related to the goal of a safer prison environment; (2) prisoners had alternative means of acquiring sexually explicit materials such as written descriptions of sex acts and nude photographs that do not depict sexual acts; (3) accommodating the prisoners' right to receive sexually explicit materials in the form of photographs of sexual acts could adversely affect prison guards, other inmates, and the allocation of prison resources by creating a sexually charged atmosphere; and (4) redacting every publication containing photographs that violate the rule is not a ready alternative to disposing of the offending magazines because of the administrative burden of case-by-case redaction. *See Turner v. Safley,* 482 U.S. 78, 90–91, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Although Rogers argued to the contrary, the defendants were not required to submit evidence that the banned materials actually caused prob-

lems in the past or are likely to cause problems in the future, as long as it is plausible that they believed the policy would further a legitimate objective. *See, e.g., Mauro v. Arpaio,* 188 F.3d 1054, 1060 (9th Cir.1999).

Rogers's argument that the prison policy is invalid under state law does not entitle him to relief. Having dismissed Rogers's federal claim, the district court properly declined to exercise jurisdiction over Rogers's supplemental state law claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

For the foregoing reasons, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.