Wendell Paul WILLIAMS,
Plaintiff–Appellee,

v.

CITY OF SOUTHFIELD, Jim Brindon,
T. Black, and K. Comerford,
Defendants–Appellants.

No. 03–1746.

United States Court of Appeals,
Sixth Circuit.

April 28, 2004.

Wendell Paul Williams, Chase, MI, pro se.

Joseph Nimako, Karie H. Boylan, Cummings, McClorey, Davis & Acho, Livonia, MI, for Defendants–Appellants.

Before MARTIN and ROGERS, Circuit Judges; and BELL, District Judge.*

*ORDER*

The City of Southfield (Michigan), Jim Brindon, T. Black, and K. Comerford, proceeding through counsel, appeal a district court order denying their motion for attorney fees, which they filed following the dismissal of Wendell Paul Williams's 42 U.S.C. § 1983 civil rights complaint. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On February 26, 2001, Williams filed a pro se complaint against the City of South-

---

* The Honorable Robert Holmes Bell, United States Chief District Judge for the Western District of Michigan, sitting by designation.

field and Southfield Building Inspectors Brindon and Black. The complaint, in its entirety, stated as follows:

> I was tried in 46th District Court for electrical violations that was not true. Inspector Brindon come by 18614 Nadol asked for permit—I asked who was he he said inspector—I told him that inspection was done when job was finished and call for—He stopped because I was Black no other reason—I have information that I shall present to Court to show several reasons pertaining to civil rights violation—I will make copies of all the documents if the Court so desire—in order to check it out before trial. I bring this action because I am 74 years old and has always had a clean record. I was at Iwo Jima. I had my 18th birthday on Okinawa—I have paid my dues and I deserve a fair and impartial trial which I did not get in Southfield.

Williams subsequently filed an amended complaint to add homeowner John Billird, 46th District Court Judge Stephen C. Cooper, Southfield Prosecuting Attorney Elizabeth Rae O'Donnell, and Southfield Building Department Employee K. Comerford as defendants.

The defendants filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6), to which Williams responded. A magistrate judge recommended granting the defendants' motion in part and denying the motion in part. Over Williams's objections, the district court accepted the magistrate judge's report and recommendation and partially dismissed Williams's complaint. Williams was afforded a 60–day period during which he could file an amended complaint "to state properly pleaded claims against the remaining Defendants Brindon, Comerford, and Black."

After Williams filed several documents in which he expressed no intention of amending his complaint, the defendants filed a second motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), to which Williams responded. Thereafter, the magistrate judge recommended granting the defendants' motion to dismiss. On October 31, 2002, the district court accepted the magistrate judge's report and recommendation and dismissed the case.

The defendants subsequently filed a motion for attorney fees pursuant to 42 U.S.C. § 1988, to which Williams did not respond. The magistrate judge filed a report recommending denial of the defendants' motion. The defendants did not file any objections. The district court subsequently accepted the magistrate judge's report and recommendation and denied the defendants' motion for attorney fees. The defendants have filed a timely appeal.

■ Upon review, we conclude that the defendants have waived their right to appeal the denial of their motion for attorney fees. This court requires litigants to file specific and timely objections to a magistrate judge's report and recommendation in order to preserve the right to appeal a subsequent order of the district court accepting and adopting that report. *United States v. Real Prop. Located at 1184 Drycreek Rd., Granville, Ohio, 43023,* 174 F.3d 720, 725 (6th Cir.1999); *Callier v. Gray,* 167 F.3d 977, 979–80 (6th Cir.1999); *Willis v. Sullivan,* 931 F.2d 390, 400–01 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir.1981). The defendants did not file any objections to the magistrate judge's report and recommendation despite being advised to do so. Although exceptional circumstances may warrant departure from the waiver rule in the interests of justice, *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), no exceptional circumstances exist in this case.

Moreover, even if defendants had not waived their appeal right, there was no abuse of discretion by the district court in denying attorney fees. *See* 42 U.S.C. § 1988(b); *Hadix v. Johnson*, 65 F.3d 532, 534 (6th Cir.1995). A prevailing defendant may recover attorney fees under § 1988 only if the district court determines "that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)). Furthermore, the district court should afford the pleadings submitted by a pro se plaintiff some leniency when determining whether attorney fees in favor of the defendant are warranted. *Id.* at 15–16. "The fact that a [pro se plaintiff's] complaint, even when liberally construed, cannot survive a motion to dismiss does not, without more, entitle the defendant to attorney's fees." *Id.* at 15.

Although Williams's complaint was ultimately dismissed for failure to state a claim for relief under Fed.R.Civ.P. 12(b)(6), the dismissal of Williams's complaint was in large part a result of his failure to properly plead his claims against the defendants. In fact, some of Williams's claims survived the defendants' first motion to dismiss as evidenced by the district court's order affording Williams an opportunity to amend his complaint to properly plead his claims against Brindon, Comerford, and Black. Under these circumstances, and in light of his pro se status, Williams's complaint was not so unreasonable or lacking in foundation that denial of attorney fees amounted to an abuse of discretion. *See id.* at 15–16; *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232–33 (6th Cir.1986).

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.